[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10550
Non-Argument Calendar
_____

D.C. Docket No. 3:10-cr-00297-TJC-JBT-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HENRY MANNS,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(September 28, 2012)

Before TJOFLAT, MARTIN and KRAVITCH, Circuit Judges.

PER CURIAM:

Henry Manns appeals his 168-month sentence, an upward variance from the

10-year statutory minimum, imposed after he pleaded guilty to attempted possession with intent to distribute 500 or more grams of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846.  On appeal, Manns argues that his sentence is substantively unreasonable because the district court failed to consider and properly weigh the 18 U.S.C. § 3553(a) factors as well as the policies contained in the sentencing guidelines, and focused too much on his significant criminal history.

The guideline range based on Manns's offense level and criminal history category is 57–71 months.  But the statutory minimum for his offense is 120 months, or 10 years, and the maximum is life imprisonment.  Upon consideration of the § 3553(a) factors, the district court applied an upward variance, bringing the total sentence to 168 months, or 14 years.

We review the substantive reasonableness of sentences under a deferential abuse-of-discretion standard.  Gall v. United States, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007).  "We may set aside a sentence only if we determine, after giving a full measure of deference to the sentencing judge, that the sentence imposed truly is unreasonable."  United States v. Irey, 612 F.3d 1160, 1191 (11th Cir. 2010) (en banc), cert denied, 131 S. Ct. 1813.  "The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is

insufficient to justify reversal of the district court." Gall, 552 U.S. at 51, 128 S. Ct. at 597.

A sentence, such as this, that is outside of the guideline range is not presumptively unreasonable. Gall, 552 U.S. at 51, 128 S. Ct. at 597. Instead, the party appealing the sentence must prove that the sentence is unreasonable in light of the record and the § 3553(a) factors. "[W]e are to vacate the sentence if, but only if, we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." Irey, 612 F.3d at 1190 (quotation marks omitted).

Under § 3553(a), the district court must impose a sentence "sufficient, but not greater than necessary," to reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter criminal conduct, and protect the public from the defendant's future criminal conduct. See 18 U.S.C. § 3553(a)(1)–(2). The court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, and the need to avoid unwarranted sentencing disparities. § 3553(a)(1), (3)–(7). After reviewing the record here, we conclude that Manns

3

has not shown that his sentence resulted from an unreasonable application of the § 3553(a) factors.

Manns contends that the upward variance is substantively unreasonable because the district court put too much emphasis on his criminal history and the nature of the offense, which had already resulted in an increase of the statutory minimum under 21 U.S.C. § 841(b)(1)(B) and could have been considered under § 4A1.3 of the sentencing guidelines. Criminal history and the nature of the offense are each factors expressly made part of the § 3553(a) analysis. See § 3553(a)(1)–(2)(A). As long as the final sentence is reasonable, "a district court can rely on factors in imposing a variance that it had already considered in imposing an enhancement . . . and there is no requirement that a district court must impose an enhancement before granting a variance." United States v. Rodriguez, 628 F.3d 1258, 1264 (11th Cir. 2010) (internal citations omitted).

The district court also indicated that it relied on other § 3553(a) factors. The court explained that a longer sentence was necessary to promote respect for the law, protect the public, and afford adequate specific deterrence insofar that this was the second time that Manns had violated the terms of his supervised release. The court also considered whether there would be an unwarranted sentence disparity among defendants with similar records and determined that any disparity

4

would be warranted because Manns was not a typical offender and this was not just a "small-time drug involvement." The sentencing guidelines and policy statements of the Sentencing Commission were also factors in the district court's analysis. Finally, the district court considered the mitigating factors presented by Manns at sentencing in declining to give "even a more significant sentence."

In light of the record, Manns's 168-month sentence is reasonable and the district court did not abuse its discretion. Accordingly, we affirm.

**AFFIRMED.**